UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVE ANCTIL, JR., )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>JOSEPH FITZPATRICK, et al., )<br>)<br>    Defendants ) | 1:16-cv-00107-JAW |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Steve Anctil, Jr., an inmate in the custody of the Maine Department of Corrections, alleges that the Department Commissioner (Defendant Fitzpatrick), the Warden of the Maine State Prison (Defendant Liberty), and subordinate officers, wrongfully dismissed, denied, failed to investigate, and failed to respond to Plaintiff's grievances. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 4), which application the Court granted (ECF No. 7). In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the pleadings, I recommend that the Court dismiss Plaintiff's complaint as Plaintiff has failed to state an actionable claim.

1

**BACKGROUND FACTS**

Plaintiff alleges that Defendants have not complied with and do not comply with the Department of Corrections' grievance policy, and, as a result, Plaintiff's grievances have been regularly dismissed at various levels of the grievance process. (Complaint, ECF No. 1, PageID # 4.) Plaintiff asks the Court to declare that Defendants have violated Plaintiff's fourteenth amendment due process rights because they failed to provide any remedy, and dismissed or ignored Plaintiff's grievances. (*Id.*, PageID # 5.) Plaintiff also requests injunctive relief in the form of a directive to Defendants to issue a "grievance receipt" to prisoners when grievances are mailed to a supervisor, and when a grievance or grievance appeal is mailed to the grievance review officer. (*Id.*) In addition, Plaintiff requests an award of money damages. (*Id.*)

In a motion for appointment of counsel, which motion the Court denied, Plaintiff asserts that he has been in, and will remain in, "punitive segregation for an unknown amount of time." (ECF No. 5, PageID # 19.) Plaintiff otherwise provides no factual information in his pleadings.

**STANDARD OF REVIEW**

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, *sua sponte*, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Case 1:16-cv-00107-JAW   Document 9   Filed 03/08/16   Page 3 of 6   PageID #: 37

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

DISCUSSION

Plaintiff alleges that Defendants failed to follow the Department of Corrections' grievance procedures, and thereby violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. Stated simply, Plaintiff's complaint is comprised of a series of conclusory allegations, which are insufficient to sustain a claim. *Young*, 717 F.3d at 231.

In addition, even if Plaintiff alleged facts which suggested that Defendants did not follow the Department's grievance procedures, Plaintiff would not have stated a constitutional claim. The

Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. As an inmate in a state prison, Plaintiff has certain interests that are protected by the Due Process Clause of the Fourteenth Amendment. For an inmate serving a sentence,[1] however, the Due Process Clause "does not protect every change in the conditions of confinement having a substantial adverse impact." *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Instead, because he has "no liberty interest in freedom from state action taken 'within the sentence imposed,'" *id.* at 480 (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)), to sustain a federal constitutional claim for violation of the Due Process Clause, Plaintiff must allege facts that plausibly suggest that he was subjected to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Id.* at 484.[2] Where the deprivation of liberty or property does not rise to that level, the mere violation of prison procedural[3] policies by prison officials does not give rise to a constitutional violation. *Id.* To state a claim, Plaintiff must also allege Defendants failed to observe the necessary disciplinary procedures established by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 529, 564 – 71 (1974). *Ford v. Bender*, 768 F.3d 15, 27 (1st Cir. 2014).[4]

---

[1] Plaintiff's allegations, which include the assertion that he has filed grievances beginning in at least January 2014, suggest that he is serving a sentence and that he is not a pretrial detainee.

[2] The *Sandin* Court held, for example, that an atypical and significant hardship did not exist where the respondent spent 30 days in isolation except for 50 minutes each day for brief exercise and a shower, during which he remained isolated and wore leg irons and a waist chain. *Sandin*, 515 U.S. at 494 (Breyer, J., dissenting).

[3] The Due Process Clause also includes a substantive measure of protection, such that a due process claim could be stated even if the administrators of a prison complied with the necessary disciplinary procedures. However, in order to state a "substantive due process" claim, Plaintiff would have to describe prison conditions that could fairly be regarded as "shocking or violative of universal standards of decency." *Ford v. Bender*, 768 F.3d 15, 23 (1st Cir. 2014). Plaintiff has not done so in this case.

[4] The failure to comply with state *grievance* procedures does not establish a violation of required *disciplinary* procedures. As explained by the Seventh Circuit Court of Appeals, state prison grievance procedures do not create a liberty interest protected by the Due Process Clause. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Although grievance procedures may create expectations protected by state law, for purposes of federal law, grievance procedures, where they exist, serve only to regulate a prisoner's ability to access the federal courts. *Id.* at 772 n.3; *see also* 42 U.S.C. § 1997e. Plaintiff does not allege a deprivation of his ability to access the courts. *See also Holcomb*

Here, Plaintiff has not alleged any facts that would support a finding of an "atypical and significant hardship." He has alleged only that he has been in "punitive segregation" for a period of time. Although prison conditions associated with placement in segregation could amount to an atypical and significant hardship, the mere fact that an inmate is assigned to segregation does not constitute an atypical and significant hardship. Plaintiff has not asserted in any meaningful way the conditions of segregation.

Furthermore, assuming, *arguendo*, that Plaintiff has sufficiently alleged that he is subject to an atypical and significant hardship, he has nevertheless failed to allege that Defendants did not provide the basic procedure required by *Wolff v. McDonnell*. *See also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Rather, Plaintiff has merely stated in conclusory fashion that Defendants have not followed the Department's grievance procedures. Significantly, he has not alleged any way in which Defendants deviated from the *Wolff* procedures. He has not, therefore, alleged any facts which would support an inference that Defendants failed to provide the procedural protection required by *Wolff*. Accordingly, Plaintiff has failed to state a due process claim.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend that the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

---

*v. Lykens,* 337 F.3d 217, 224 (2d Cir. 2003) ("Although state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures.").

with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 8th day of March, 2016.