UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVE ANCTIL, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00107-JAW |
| | ) | |
| JOSEPH FITZPATRICK, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING
AMENDED COMPLAINT**

On March 8, 2016, after screening Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, I recommended the Court dismiss Plaintiff's complaint. (ECF No. 9.) Subsequently, Plaintiff moved to amend his complaint (ECF No. 16), which motion was granted. (ECF No. 23.) In his amended complaint, Plaintiff alleges Defendants failed to ensure that Plaintiff's prison grievances were properly investigated and addressed. (Am. Compl., ECF No. 24.) He requests declaratory relief, damages, and an injunction requiring the Department of Corrections to amend its prison grievance policies. Upon review of Plaintiff's allegations, I recommend[1] the Court afford Plaintiff another opportunity to amend his complaint, and in the event Plaintiff fails to state an actionable claim, the Court dismiss this action.[2]

---

[1] Because Plaintiff is proceeding in this matter in forma pauperis, a preliminary review of Plaintiff's amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). In addition, Plaintiff's amended complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).

[2] The Court referred "the motion for leave to amend the complaint to the Magistrate Judge to allow him to review the proposed allegations, determine whether the motion for leave to amend the complaint should be granted, revisit the recommended decision, if necessary, and determine whether the allegations in the Amended Complaint survive judicial screening." (Status Order, ECF No. 22.)

1

**PLAINTIFF'S AMENDED COMPLAINT**

Upon review of the prior recommended decision, Plaintiff evidently concluded that his complaint was deficient because he failed to include sufficient facts regarding his grievance activity. In his amended complaint, Plaintiff describes in some detail his history of filing prison grievances regarding a variety of conditions and incidents at the Maine State Prison. According to the allegations in the amended complaint, most of Plaintiff's grievances focused on the grievance procedure itself and the manner in which Defendants responded to or ignored Plaintiff's grievances. Consistent with that focus, in this case, Plaintiff asserts that the harm for which he requests relief is Defendants' failure to follow the prison grievance procedures, and Defendants' failure to issue grievance receipts to prisoners, which the grievance policy does not currently require and thus would involve an amendment of the prison grievance policy.

**DISCUSSION**

When determining whether a prisoner has asserted an actionable civil rights claim, courts assess (1) whether the prisoner has identified an underlying event or occurrence that could support a finding that he suffered the deprivation of a constitutional or other federal right as the result of state action by a particular defendant and (2) whether the prisoner has requested appropriate relief for the deprivation from the appropriate defendant(s). 42 U.S.C. § 1983; *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). In other words, in the context of prisoner civil rights litigation, the focus is the merit of the prisoner's substantive claim, and not whether the prison has followed its grievance process.

Courts do not focus on whether a prison followed its grievance procedures because "state grievance procedures do not create substantive liberty interests protected by due process." *Courtney v. Devore*, 595 Fed. App'x 618, 620 – 21 (7th Cir. 2014) (unpublished). *See also Flick*

*v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y, Florida Dep't of Corr.*, 596 Fed. App'x 890, 895 (11th Cir. 2015) (unpublished) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 Fed. App'x 521, 523 (10th Cir. 2013) (unpublished) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Brown v. Graham*, 470 Fed. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Butler v. Brown,* 58 Fed. App'x. 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy,* 30 Fed. App'x. 568, 569 – 70 (6th Cir. 2002) (unpublished) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Because prison grievance procedures are not mandated or governed by the Constitution or other federal law, [3] Plaintiff's attempt to assert a claim based on Defendants' alleged failure to follow the prison's procedures or to assert a claim based on the appropriateness of Defendants' procedures fails.

Although Plaintiff's allegations, either separately or in combination, do not assert a claim for violation of a constitutional or other federal right, Plaintiff, when describing the alleged

---

[3] As explained in the earlier recommended decision, the constitutional procedural requirements are governed by *Wolff v. McDonnell*, 418 U.S. 529, 564 – 71 (1974). These requirements are imposed on prison administrators, not on prisoners, and the *Wolff* requirements specify procedures that prison administrators must follow when they impose punishment that causes a significant change in the conditions of confinement. *McGuinness v. Dubois*, 75 F.3d 794, 797 & n.3 (1st Cir. 1996) (discussing *Wolff* and footnoting the significance of *Sandin v. Conner*, 515 U.S. 472 (1995), in directing the focus toward the "nature of the deprivation" rather than compliance with the terms of prison regulations).

procedural irregularities, references grievances he filed regarding an adverse cell transfer, harm at the hands of other prisoners, inability to access legal materials, opened legal mail, interference with access to counsel, inadequate or denied medical care, and other matters that could form the basis for a federal civil rights action against one or more individuals who might be responsible for the alleged conduct. While Plaintiff's complaint cannot reasonably be construed to assert a claim based on the subject matter of any of the grievances, Plaintiff conceivably could have intended to assert such a claim. To clarify Plaintiff's intent, leave for Plaintiff to amend further his complaint is warranted.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend the Court find that Plaintiff's amended complaint fails to state an actionable claim and that the Court dismiss Plaintiff's complaint unless, before the expiration of the 14-day objection period, Plaintiff asserts an actionable claim in an amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of May, 2016.