UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| STEVE ANCTIL, JR., )<br>　　　　　　　　　　　　　　　 )<br>　　　　　Plaintiff　　　　　　　 )<br>　　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　 )　　　1:16-cv-00107-JAW<br>　　　　　　　　　　　　　　　 )<br>JOSEPH FITZPATRICK, et al., 　 )<br>　　　　　　　　　　　　　　　 )<br>　　　　　Defendants　　　　　 ) | |

**RECOMMENDED DECISION AND ORDER**

　　　In this action, Plaintiff seeks relief, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights.  Upon review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, I recommended the Court dismiss Plaintiff's complaint unless Plaintiff amended his complaint to state an actionable claim. (ECF No. 25.)

　　　On the same day the recommended decision was issued, Plaintiff filed a motion for injunctive relief.  (Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 26; Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 26-1.)  Through his motion and supporting declaration, Plaintiff asks the Court to order Defendants to provide him with greater law library access, to open his legal mail only in his presence, and to provide him with a reasonable number of private telephone calls with legal counsel.

　　　After review of Plaintiff's filings, I recommend that the Court deny Plaintiff's request for immediate injunctive relief.

**DISCUSSION**

In his declaration in support of his motion, Plaintiff asserts under the statutory alternative to the oath that he receives one one-hour session per week to use the satellite law library, which hour is separate from the hour he receives every day to be outside of his cell. (Declaration ¶ 5.) Plaintiff also contends that Defendants mishandle his legal mail, which includes the opening of his legal mail outside of his presence. (*Id.* ¶¶ 7 – 8.) Finally, Plaintiff alleges that Defendants record and monitor his telephone communications with counsel.[1] (*Id.* ¶ 10.)

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[2] and (4) a fit (or lack of friction) between the injunction and the public interest."[3] *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Through his submissions, Plaintiff evidently requests both a temporary restraining order and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, ___ (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded

---

[1] Plaintiff asserts that the communications concern the instant civil action and a state court civil matter. (Declaration ¶¶ 7, 10.) Because Plaintiff does not identify any pending criminal matter, the Sixth Amendment right to counsel is not implicated by Plaintiff's allegations. *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 24 (1st Cir. 2005) ("The Sixth Amendment does not apply to civil cases ….").

[2] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[3] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)).  By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law."  *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969).  Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

For the Court to consider the merit of Plaintiff's request for a temporary restraining order, Plaintiff first must demonstrate that he would suffer an irreparable loss if Defendants were notified of his request and provided the opportunity to respond to the motion.  Plaintiff has failed to provide any record evidence that would support such a conclusion.  Additionally, a request for injunctive relief requires the Court to assess whether a plaintiff is likely to prevail on the claim asserted in the plaintiff's complaint.  *Verizon New England, Inc. v. Maine Pub. Utilities Comm'n*, 403 F. Supp. 2d 96, 102 (D. Me. 2005).  As explained in the recommended decision, Plaintiff has not stated an actionable claim.  Plaintiff, therefore, has not and cannot establish that he has a substantial

likelihood of prevailing on a claim he has asserted against Defendants. Plaintiff's request for immediate injunctive relief thus fails.

Plaintiff's motion, however, reinforces the possibility, noted in the recommended decision, that Plaintiff might have intended to assert a claim based on his concerns about his access to the law library, the opening of his mail, and his communications with legal counsel. For that reason, I previously recommended the Court permit Plaintiff another opportunity to amend his complaint before the Court dismisses the matter. (ECF No. 25.) If Plaintiff amends his complaint to state an actionable claim, Plaintiff can renew his request for injunctive relief after service of the amended complaint upon the Defendants.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 26).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 6th day of June, 2016.