UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVE ANCTIL, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-107 |
| | ) | |
| JOSEPH FITZPATRICK, et als., | ) | |
| | ) | |
| Defendants | ) | |

**MOTION TO DISMISS OF DEFENDANT TROY ROSS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Troy Ross hereby moves to dismiss the Second Amended Complaint. As grounds for this motion, defendant states that the Second Amended Complaint fails to state a claim upon which relief can be granted.

**Memorandum in Support of Motion**

**Facts and Procedural Background**

Plaintiff Steven Anctil is a prisoner incarcerated at the Maine State Prison. In his Second Amended Complaint (the current operative pleading in this case), he raises a litany of claims, most of which have been dismissed by the court on its initial review. Recently, the court issued its order on the magistrate's recommended decision and allowed the complaint to proceed on two claims: first, a claim against defendant Ross that he failed to protect the plaintiff from assault by another prisoner and that he failed to train staff adequately; and second, a claim against defendants Fitzpatrick, Bouffard and Liberty of interference with plaintiff's legal mail.[1]

---

[1] The Second Amended Complaint does not allege that Ross interfered with plaintiff's legal mail.

1

The claims against Ross are based on the following allegations. In September of 2014, plaintiff was moved to "Charlie Pod." Before the move, he notified the pod officer (who is not named as a defendant and is otherwise unidentified) that he wasn't safe in Charlie Pod. The pod officer made a phone call and told Anctil he had to move anyway. On September 18, 2014, Anctil was assaulted by another prisoner.

On September 24, Anctil addressed his concerns about being forced to move with unidentified "staff." On November 4, he was assaulted again by the same prisoner.

Six months later, on May 6, 2015, Anctil sent a letter to Commissioner Fitzpatrick saying he was going to be assaulted again, although there is no allegation that another assault occurred. A month after that, defendant Ross responded to Anctil, saying his concerns did not warrant further review, as he "created [his] own issues."

In his prayer for relief, Anctil requests that the court "Declare that Defendant Ross violated my 8th Amendment rights when he failed to protect me against known risks of assault and I was severely assaulted and when he failed to provide adequately trained prison staff."

## Argument

**1. The facts alleged in the complaint are not sufficient to show that defendant Ross was deliberately indifferent to a substantial risk that plaintiff would be assaulted.**

A prisoner bringing a failure-to-protect claim against prison officials must show that the officials were on notice of sufficient information to identify the threat. Thus, in *Butera v. Cottey*, 285 F. 3d 601 (7th Cir., 2002), where plaintiff alleged that he told unidentified jail officers that he was "having problems on the block" and needed to be moved, the court held that the information was not specific enough to put the sheriff on notice of a specific risk of harm to the plaintiff. *Id.* at 606. General trepidation and generalized fears of retaliation or violence are not sufficient to

constitute an objectively serious risk of substantial harm. *Brown v. Corsini*, 657 F. Supp. 2d 296, 306-307 (D. Mass. 2009). There was no deliberate indifference on the part of officers where the prisoner requested to be placed in protective custody but declined to identify a specific prisoner or provide other evidence that he was at risk of attack. *Robinson v. Cavanaugh*, 20 F. 3d 892, 895 (8th Cir., 1994). Where a prisoner lied to officers about the cause of injuries received in a prior assault but stated that he feared for his life and wanted to be transferred, it was held that this information was insufficient to apprise the officers of a specific threat to his safety. *Klebanowski v. Sheehan*, 540 F. 3d 633, 639 (7th Cir. 2008).

In *Butera v. Cottey, supra,* the court also observed that, even where corrections officers know of a specific threat, this is not enough, without more, to impute their knowledge to their superior. *Id.* at 607. It is axiomatic that an official cannot be deliberately indifferent if he is unaware of the risk. *Burrell v. Hampshire County*, 307 F. 3d 1, 7 (1st Cir. 2002); *c.f., Ramirez-Lluveras v. Rivera-Merced*, 759 F. 3d 10, 20 (1st Cir. 2014) (to prove supervisory liability, plaintiff must show actual or constructive knowledge of the underlying violation.)

In this case, Anctil alleges only that he informed an unnamed officer that he believed he would not be safe in C-Pod. There is no indication that he identified the source of the alleged threat or provided other evidence with specificity sufficient to allow the officer to do something about it. This fact is underscored by Anctil's allegation that the unit staff later identified the assailant to Anctil, implying that Anctil himself was unaware of the source of the threat prior to the assault. The information conveyed by Anctil, as described in his complaint, was simply insufficient to establish that the officer knew of a substantial risk of serious harm and did nothing to prevent it.

More significantly, there are no facts stated in the complaint that would show that defendant Ross was aware of any threat to Anctil's safety.  There is no indication that the pod officer conveyed Anctil's concerns to Ross, before either the first assault or the second assault, nor are there any other facts alleged from which it can be concluded that Ross had actual or constructive notice of Anctil's concerns.  As alleged in the complaint, it was more than six months *after* the second alleged assault that Ross responded to Anctil's letter to the Commissioner.  That Anctil apparently found Ross's after-the-fact response somewhat callous does nothing to prove that Ross was aware of a significant danger to Anctil before the incidents alleged.

**2.  There are no facts alleged in the second amended complaint to support Anctil's conclusory allegation that Ross failed to train staff appropriately.**

A supervisor may be held liable if a failure to properly train and supervise an employee caused a deprivation of constitutional rights.  *Tlamka v. Serrell*, 244 F. 3d 628, 635 (8th Cir. 2001).  The plaintiff must demonstrate that the defendant supervisor was deliberately indifferent to or tacitly authorized the acts.  *Id.*  The failure-to-train claim requires proof that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.  *Id.*  The standard for liability for failure to train is deliberate indifference.  *Tilson v. Forrest City Police Dept.*, 28 F. 3d 802 (8th Cir. 1994).

> It is not enough, however, for appellant to show that there were general deficiencies in the county's training program for jailers.  Rather, he must identify a specific deficiency in training in the county's training program closely related to his ultimate injury, and must prove that the deficiency in training actually caused his jailer to act with deliberate indifference to his safety.

*Lopez v. LeMaster*, 172 F. 3d 756, 760 (10th Cir. 1999), *citing City of Canton v. Harris*, 489 U.S. 378, 391 (1989).  Dismissal of such a claim was appropriate where the plaintiff failed to allege a

4

pattern of similar constitutional violations or that a single incident was an "obvious consequence" of a failure to train; the deficiencies in the training program and how they caused the violation; and that the defendant was or should have been aware of the deficiencies. *Owens v. Coleman*, 629 Fed. Appx. 163 (3d Cir. 2015).

In this case, aside from seeking in his prayer for relief a declaration from the court that Ross failed to provide adequate training, plaintiff alleges no facts supporting this claim. He has not identified the officer or officers whose conduct led to the alleged violation of his Eighth Amendment rights, the manner in which their conduct was deficient, what deficiencies in their training caused Anctil's alleged injuries, whether Ross was responsible for training them, whether Ross was aware of any deficiencies in the officers' training and, if so whether he was deliberately indifferent to a substantial risk that the deficiencies would lead to the harm that allegedly eventuated. The claim that Ross violated plaintiff's constitutional rights by not adequately training his staff must be supported by some specific factual allegations, and cannot be supported merely by a single, conclusory statement.

## Conclusion

For the reasons stated above, defendant requests that the court dismiss the Second Amended Complaint as to defendant Troy Ross.

October 5, 2017                          __/s/  James E. Fortin___
                                                        James E. Fortin
                                                        Assistant Attorney General
                                                        James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

      The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the following:

Steve Anctil, Jr.
Maine State Prison
807 Cushing Road
Warren, ME 04864

October 5, 2017                                       /s/ James E. Fortin
                                                                James E. Fortin
                                                                Assistant Attorney General