UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVE ANCTIL, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00107-JAW |
| | ) | |
| JOSEPH FITZPATRICK, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF**

In this action, Plaintiff Steve Anctil, Jr., an inmate in the custody of the Maine Department of Corrections, alleges that Defendants unlawfully opened his legal mail without him present. (Second Amended Complaint, ECF No. 31.)

The matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Motion, ECF No. 83.) Plaintiff seeks injunctive relief "to ensure that his designated legal mail is no longer opened outside his presence." (Motion at 1.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

**BACKGROUND**

Plaintiff previously filed a motion for injunctive relief. (ECF No. 26.) In that motion, Plaintiff asked the Court to order Defendants to open his legal mail only in his presence. On July 19, 2016, upon review of a recommended decision to which Plaintiff

1

did not file an objection, the Court denied the motion. (Order, ECF No. 32.) In the instant motion, Plaintiff seeks similar relief.

In his complaint and subsequent filings, Plaintiff asserts that he received opened "legal mail" from multiple organizations he contacted for help or for information related to the conditions of his confinement, including the Department of Public Safety, the Maine Superior Court, the State Fire Marshal, the State Law and Legislative Reference Library, and this Court. In his declaration filed in support of the present motion for injunctive relief, Plaintiff asserts that after he initiated this action, he has continued to receive unlawfully opened legal mail from the Maine State Board of Nursing, the Kennebec County Sheriff, the Knox County Sheriff, the Maine Superior Court, the Maine Commissioner of Public Safety, the Maine State Fire Marshal, and this Court. Plaintiff also asserts that he received opened mail from an attorney in June 2017, from the Maine State Fire Marshal's Office in December 2017, from the Knox County Sheriff in January 2018, and from the Kennebec County Sheriff in January 2018. (Declaration of Steve Anctil, ECF No. 83-2.)

## DISCUSSION

Plaintiff contends he is entitled to preliminary injunctive relief based on the irreparable harm that results from Defendants repeatedly opening his legal mail outside of his presence. (Motion, ECF No. 83; Declaration of Steve Anctil, ¶¶ 14 – 15, ECF No. 83-1; Supplemental Declaration of Steve Anctil, ECF No. 83-2.) Defendants argue Plaintiff is not entitled to relief because Plaintiff has not and cannot demonstrate a harm to an actual, non-frivolous, legal interest respecting a conditions of confinement claim. (Opposition at 2 – 3, ECF No. 84.)

To obtain preliminary injunctive relief,[1] Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969).

As the First Circuit has observed, the "four factors are not entitled to equal weight in the decisional calculus; rather, '[l]ikelihood of success is the main bearing wall of the four-factor framework.'" *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9 – 10 (1st Cir. 2013) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996)). In other words, the likelihood of success factor is "critical in determining the propriety of injunctive relief." *Lancor v. Lebanon Hous. Auth.*, 760 F.2d 361, 362 (1st Cir. 1985). If Plaintiff cannot establish that he is likely to prevail on his claim, injunctive relief would likely not be warranted. *See Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993) ("In

---

[1] Plaintiff also asks the Court to issue a temporary restraining order (TRO). "The key differences between a TRO and a preliminary injunction are that (1) a TRO may be issued without notice to the adverse party; and (2) if a TRO is issued without notice, it may only last for 14 days and the Court must hold a preliminary injunction hearing." *Int'l Ass'n of Mach. & Aerospace Workers*, *AFL-CIO*, *Local Lodge No. 1821 v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015) (citing Fed. R. Civ. P. 65(a)-(b)). Given the procedural posture in this case, Plaintiff's motion, if granted, would result in a preliminary injunction. This Recommended Decision, therefore, does not analyze separately Plaintiff's request for a TRO.

the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim injunctive relief.") An assessment of Plaintiff's underlying claim is thus necessary.

The First Amendment protects a prisoner's ability to correspond on a broad range of topics, including the vindication of a prisoner's rights, and it protects legal mail from unlawful interception and censorship. Thus, "[i]n addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.* Not all incoming mail, therefore, even legal mail, enjoys equal status under the First Amendment.

Correspondence from criminal defense counsel enjoys a special status because it is protected by both the First Amendment and the Sixth Amendment. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (collecting cases, and observing that even a single incident of improper inspection of attorney mail can rise to the level of a constitutional violation). Attorney mail regarding a civil matter is also entitled to protection, given the importance of attorney–client confidences. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017). In civil matters, however, a prisoner must demonstrate more than isolated violations to establish a constitutional violation. *Id.*; *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir.), *cert. denied*, 568 U.S. 944 (2012) (inmate must show that prison officials "regularly and unjustifiably interfered with the incoming legal

4

mail."); *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (allegations describing "two or three pieces" of "properly labeled" attorney mail "opened in an arbitrary or capricious way" is sufficient to state a claim). Nevertheless, the long-established practice is to preserve the prisoner's interest in confidential communication by opening properly identified legal mail from counsel in the presence of the prisoner. *Wolff v. McDonnell*, 418 U.S. 539, 576 – 77 (1974); *Am. Civil Liberties Union Fund of Michigan v. Livingston Cty.*, 796 F.3d 636, 643 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1246, 194 L. Ed. 2d 184 (2016).

Courts have also held that correspondence with attorneys general, prosecutors, elected officials, and governmental agencies can implicate the right of prisoners to access the courts or otherwise to petition the government for redress of grievances, and have expressed concern that opening and reviewing the content of such mail could "chill" access to justice. *See Muhammand v. Pitcher*, 35 F.3d 1081, 1083 (6th Cir. 1994) (collecting cases). "Legal mail" from a court, however, is not generally protected under the First Amendment because "[w]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (quoting *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987)). Similarly, not all mail sent to a prisoner by a governmental institution must be opened in the presence of the prisoner. *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) ("Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Indeed, even mail from a legal source may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's

5

relationship with an attorney.") *See also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) ("[W]e must also hold that the violation of the prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights."), *cert. denied*, 510 U.S. 1123 (1994).

For an inmate to recover on a legal mail claim premised on the mere fact that incoming mail was opened without the inmate being present, the inmate must establish that the underlying grievance or complaint is not frivolous. *See*, *e.g.*, *Dixon v. Int'l Bhd. of Police Officers*, 504 F.3d 73, 86 (1st Cir. 2007) (baseless claims do not come within the protection of the First Amendment); *McKenney v. Farrinton*, No. 2:16-cv-00630-JAW, 2017 WL 825280, at *4 (D. Me. Mar. 2, 2017), *report and recommendation adopted*, 2017 WL 1194190 (Mar. 30, 2017) (observing in the context of a prisoner's First Amendment retaliation claim that, "to be protected under the First Amendment, a grievance must not be frivolous" (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) ("filing a non-frivolous grievance is a constitutionally protected activity")); *Miller v. Spencer*, No. 1:12-cv-10504, 2014 WL 957743, at *9 (D. Mass. Mar. 11, 2014) (granting summary judgment to defendants despite opening of package from counsel, where the communication did not implicate the plaintiff's legal rights or otherwise concern confidential matters).

If an inmate can establish that a non-frivolous condition of confinement claim was at issue in his correspondence, then "the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to [incoming] mail," *Brewer v. Wilkinson*, 3 F.3d 816, 824 (5th Cir. 1993), is determined by whether or not the practice is "reasonably

6

related to a legitimate penological interest," *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "[S]uch a standard is necessary if 'prison administrators ..., and not the courts, [are] to make the difficult judgments concerning institutional operations.'" *Turner*, 482 U.S. at 89 (quoting *Jones v. N. C. Prisoners' Union*, 433 U.S. 119, 128 (1977)).

Here, although Plaintiff has asserted an actionable claim, he has failed to establish that he is likely to prevail on his claim. In particular, while the record reflects that certain mail Plaintiff considers to be legal mail was opened while Plaintiff was not present, Plaintiff has failed to demonstrate that the mail is in fact legal mail that could not be inspected out of his presence without violating the First Amendment. First, without evidence of the substance of the communications, the Court cannot discern whether the communications are protected by the First Amendment. In addition, most of the sources of the mail are public entities or public officials and not entities or individuals who were likely to provide legal counsel to Plaintiff. In short, Plaintiff has not demonstrated a likelihood of success on the merits of his claim.

Given that Plaintiff has not demonstrated a likelihood of success on the merits, particularly given that "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration," *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982), the balancing of the respective hardships and consideration of the public

interest also militate against the issuance of an injunction.² Plaintiff, therefore, is not entitled to injunctive relief at this stage of the proceedings.³

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 83.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of April, 2018.

---

² Had Plaintiff demonstrated a likelihood of success on his claim of a constitutional violation, Plaintiff potentially would have been able to satisfy the irreparable harm requirement of injunctive relief. However, when a plaintiff has not demonstrated a likelihood of success on the merits, the party is unlikely to be entitled to injunctive relief based on the alleged harm. As the Court in *Marshall v. R.S. Means Company, Inc.*, 940 F. Supp. 39, 42 (D. Mass. 1996) wrote: "[A] strong likelihood of great irreparable harm has never been held in this Circuit to be a substitute for the necessary showing of probable success on the merits. The nature of relief to be granted is a question that must necessarily be preceded by demonstration of a right to relief." *See also New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."). In any event, the nature of the alleged harm in this case, without any of the other relevant factors favoring injunctive relief, is insufficient to warrant injunctive relief.

³ This Recommended Decision is not intended to suggest that I have concluded that the practices employed by Defendants regarding the opening of Plaintiff's mail are constitutionally sound. That issue presumably will be the subject of further proceedings in this matter. The current record simply does not support a finding that Plaintiff, who bears the burden of proof on his motion, has established that he is likely to prevail on the claim.