| | | |
|---|---|---|
| STEVE ANCTIL, JR. | ) | |
| | ) | |
| v. | ) | 1:16-cv-00107-JAW |
| | ) | |
| COMMISSIONER JOSEPH | ) | |
| FITZPATRICK, et al. | ) | |

## ORDER OVERRULING OBJECTION TO ORDER ON MOTION FOR ORDER AND ON MOTION FOR ORAL ARGUMENT AND HEARING

After reviewing the dense and complicated history of this lawsuit, the Court overrules the pro se Plaintiff's objection to the Magistrate Judge's order on motion for order and on motion for oral argument and hearing because the Plaintiff failed to rebut the Defendants' contention that his lack of access to legal materials is based on his own decision not to request a change in status and in any event, he does in fact have access to legal material upon request to the prison librarian.

## I. BACKGROUND

### A. The Complaint

On February 24, 2016, Steve Anctil, Jr., an inmate in the custody of the Maine Department of Corrections, acting pro se, filed a complaint against Commissioner Joseph Fitzpatrick and a number of subordinate officers, alleging that they wrongfully dismissed, denied, failed to investigate, and failed to respond to his grievances. *Compl.* (ECF No. 1).

### B. The First Screening

On March 8, 2016, screening the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Magistrate Judge issued a recommended decision, recommending that the Court dismiss the Complaint. *Recommended Decision After Screening Compl. Pursuant to 28 U.S.C. §§ 1915(e), 1915A* (ECF No. 9).

## C. The First Motion to Amend the Complaint, the Amended Complaint, and the Second Screening

On April 6, 2016, Mr. Anctil filed a motion for leave to amend his Complaint. *Mot. for Leave to Am. Compl.* (ECF No. 16). On April 7, 2016, the Court vacated a judgment and order affirming the Magistrate Judge's recommendation to dismiss the Complaint and ordered Mr. Anctil to file an amended complaint within fourteen days. *Order Vacating J. and Vacating Order Affirming Recommended Decision and Ordering Pl. to File Proposed Am. Compl.* (ECF No. 17). On April 21, 2016, Mr. Anctil filed an amended complaint. *Am. Compl.* (ECF No. 18). On April 22, 2016, the Court referred the Amended Complaint to the Magistrate Judge for screening under § 1915A. *Status Order* (ECF No. 22). On June 6, 2016, the Magistrate Judge issued an order, screening the Amended Complaint and recommending its dismissal unless Mr. Anctil filed another amended complaint that asserted "an actionable claim." *Recommended Decision After Screening Am. Compl.* at 4 (ECF No. 25).

## D. The Second Amended Complaint

On July 7, 2016, Mr. Anctil filed a second amended complaint. *Am. Compl.* (ECF No. 31). On October 24, 2016, the Magistrate Judge issued another recommended decision in which he recommended that the Court dismiss all of Mr.

Anctil's claims, except the failure to protect/train claim against Deputy Warden Troy Ross. *Recommended Decision After Screening Compl. Pursuant to 28 U.S.C. §§ 1915(e), 1915A* at 19 (ECF No. 36). On January 20, 2017, Mr. Anctil filed a motion requesting leave to supplement his amended complaint, *Mot. to Req. Leave to Supp. Pleadings* (ECF No. 46), and on February 23, 2017, the Magistrate Judge recommended that the Court deny the motion because the amendment was futile. *Recommended Decision on Pl.'s Mot. for Leave to Amend* (ECF No. 53).

On February 28, 2017, Mr. Anctil objected to the October 24, 2016 recommended decision, citing his difficulty gaining access to the Maine Department of Corrections library, that the prison was opening his legal mail, that the prison system had failed to protect him from retaliation, that the Department of Corrections was illegally restricting his access to newspapers, that the prison was illegally monitoring his law-related telephone conversations, that state officials other than Deputy Warden Ross had failed to protect him, that prison officials had improperly denied him medical care, that the conditions of his confinement met the standard for deliberate indifference, that the prison lost some of his property, and that the Magistrate Judge erred in his evaluation of his grievance-based issues. *Pl.'s Obj. to Recommended Decision* (ECF No. 54). On May 15, 2017, Mr. Anctil filed an objection to the Magistrate Judge's February 23, 2017 recommended decision on Mr. Anctil's motion for leave to amend his second amended complaint. *Pl.'s Obj. to Recommended Decision* (ECF No. 65).

On September 27, 2017, the Court affirmed the recommended decisions in part and rejected them in part. *Order Affirming in Part and Rejecting in Part the Recommended Decisions of the Magistrate Judge* (ECF No. 68). The Court affirmed all of the Magistrate Judge's recommendations except his recommendation that the Court dismiss Mr. Anctil's "claims related to his legal mail, and only that legal mail which pertains to Plaintiff's efforts to challenge the conditions of his confinement." *Id.* at 13-14. As a consequence of this decision, the Court authorized service of process on Commissioner Joseph Fitzpatrick, Warden Rodney Bouffard, and Warden Randall Liberty. *Id.*

### E.     The First Motion to Stay

Meanwhile, on February 22, 2017, Mr. Anctil filed a motion to stay due to problems he was having with the Maine Department of Corrections librarian. *Mot. to Stay* at 1 (ECF No. 52) ("[T]he librarian refuses to return my Brief to me, although on February 14th, 2017, she advised Maine State Prison Officer Dougle that she is and has been in possession of my Brief"). On March 16, 2017, the Magistrate Judge denied Mr. Anctil's motion to stay. *Order on Pl.'s Mot. to Stay* (ECF No. 60).

### F.     Deputy Warden Ross' Motion to Dismiss

On October 5, 2017, Deputy Warden Troy Ross filed a motion to dismiss the complaint. *Mot. to Dismiss of Def. Troy Ross* (ECF No. 70). Mr. Anctil responded to the motion on November 8, 2017. *Obj. to Def. Ross's Mot. to Dismiss* (ECF No. 75). On December 15, 2017, the Magistrate Judge recommended that the Court deny the motion to dismiss. *Recommended Decision on Mot. to Dismiss of Def. Troy Ross* (ECF

No. 80). On May 1, 2018, the Court affirmed the recommended decision on Deputy Warden Ross' motion to dismiss. *Order Affirming Recommended Decision and Addressing Other Pending Mots.* (ECF No. 90).

## G. Steve Anctil, Jr.'s Motions for Scheduling Order, for Answer, and for Temporary Restraining Order and Preliminary Injunction

Mr. Anctil filed on January 22, 2018, a motion for scheduling order and a motion for order directing Defendant Ross to file answer, and on February 5, 2018, a motion for temporary restraining order and for preliminary injunction. *Pl.'s Req. that Court Issue Standard Scheduling Order* (ECF No. 81); *Pl.'s Mot. for Court Order Directing that Def. Ross File an Answer to the Compl.* (ECF No. 82); *Mem. of Law in Support of Pl.'s Mot. for a TRO and Prelim. Inj.* (ECF No. 83). On April 10, 2018, the Magistrate Judge issued a recommended decision on the motions for preliminary injunction and temporary restraining order and recommended that the Court deny the motions. *Recommended Decision on Pl.'s Mot. for Injunctive Relief* (ECF No. 88).

## H. The Court Order Denying the Motion for Scheduling Order and Motion for Answer

On May 1, 2018, in addition to affirming the recommended decision on Deputy Warden Ross' motion to dismiss, the Court resolved the motion for scheduling order and motion for order directing Defendant Ross to file answer. *Order Affirming Recommended Decision and Addressing Other Pending Mots.* (ECF No. 90).

## I. Steve Anctil, Jr.'s Motion to Extend Time to Object to the

**Recommended Decision on the Motion for Injunctive Relief, Second Motion to Stay, Motions to Reset Deadlines and for Oral Argument or a Hearing, for Copies, for Order, and to Supplement Motion to Stay**

Mr. Anctil filed a motion to extend time to file objections to the Magistrate Judge's recommendation to deny his motion for injunctive relief. *Pl.'s Mot. for Extension of Time to File Objections* (ECF No. 89). He asked that the time be extended to fourteen days after the date the prison provided him with access to certain legal materials. *Id.* Mr. Anctil's motion was in practical effect another motion to stay the case until he resolved his ongoing dispute with prison officials over his right to access legal materials. *Id.* On May 1, 2018, the Defendants filed an objection to Mr. Anctil's motion to extend time. *Resp. to Mot. to Enlarge Time* (ECF No. 91). On May 18, 2018, Mr. Antil filed a reply to the Defendants' response to his motion to enlarge time, attaching fifteen exhibits. *Pl.'s Reply to Resp. to Mot. to Enlarge Time* (ECF No. 96).

On May 29, 2018, Mr. Anctil filed a motion to stay action, reset the deadlines for him to respond to all pending motions, and schedule a hearing "in order to address his fundamental right to adequate and meaningful access to legal materials and, or services, pursuant to substantial justice." *Pl.'s Mot. for Stay of Action* at 2 (ECF No. 98). On June 5, 2018, the Defendants responded to Mr. Anctil's motion to stay and also filed some attachments. *Opp'n to Mot. for Stay* (ECF No. 102) (*Stay Opp'n*); *Additional Attachs.* (ECF No. 103) (*Stay Opp'n Attachs.*).

On June 7, 2018, Mr. Anctil filed an motion for copies from file and a motion for order and for oral argument and/or hearing. *Pl.'s Mot. for Copies from File* (ECF No. 104). Mr. Anctil said that he had "reason to believe" that copies of the envelopes from his filings would "depict positive evidence of Defendant[]s['] tampering(s) with his outgoing legal mail." *Id.* at 1. On June 28, 2018, the Defendants responded to the motion for copies. *Resp. in Opp'n to Mot. for Copies from File* (ECF No. 109).

On June 25, 2018, Mr. Anctil filed an motion for leave to file supplement to his motion for stay. *Supp. to Mot. for Stay of Action* (ECF No. 107).

## J. Order on Motions to Stay, to Extend, and for Injunctive Relief

On June 28, 2018, the Magistrate Judge issued an order, granting Mr. Anctil's motion to supplement his motion to stay, granting his motion to extend time to file an objection to the recommended decision on his motion for injunctive relief to July 13, 2018, denying his motion to stay. *Order on Pl.'s Mot. to Stay* at 3 (ECF No. 108).

## K. Steve Anctil, Jr.'s Motion for Reconsideration of Order Denying Motion for Stay

On July 17, 2018, Mr. Anctil filed an motion for reconsideration of the order, denying his motion for stay. *Mot. for Recons. of Order on Pl.'s Mot. to Stay* (ECF No. 110).

## L. Defendants' Motion for Summary Judgment

Meanwhile, on May 8, 2018, all Defendants filed a motion for summary judgment with an statement of material fact. *Mot. for Summ. J.* (ECF No. 93); *Defs.'*

*Statement of Material Facts* (ECF No. 94). In his June 28, 2018 order, the Magistrate Judge set July 27, 2018 as the date for Mr. Anctil to respond to the Defendants' motion for summary judgment. *Order on Pl.'s Mot. to Stay* at 3 (ECF No. 108). On July 17, 2018, Mr. Anctil filed a motion for reconsideration of the order, denying his motion for stay. *Mot. for Recons. of Order on Pl.'s Mot. to Stay* (ECF No. 110). On July 22, 2018, the Magistrate Judge denied Mr. Anctil's motion for reconsideration because his motion did not reveal any newly discovered evidence, an intervening change in the law, or a manifest error of law or clear injustice. *Order* (ECF No. 112).

**M.    The Court Orders on Steve Anctil, Jr.'s Motions for Copies and for Injunctive Relief**

On August 3, 2018, the Magistrate Judge issued an order, granting in part and denying in part Mr. Anctil's motion for copies, noting that he was not convinced that the Defendants had been interfering with Mr. Anctil's access to the courts but allowing him to obtain copies of the envelopes that Mr. Anctil had used to mail documents to the Court on May 10, 2018. *Order* (ECF No. 115). On August 1, 2018, noting that Mr. Anctil failed to file a timely objection to the recommended decision, the Court affirmed the Magistrate Judge's recommended decision on Mr. Anctil's motion for injunctive relief. *Order Affirming Recommended Decision* at 2-3 (ECF No. 114).

**N.    Steve Anctil, Jr.'s Motion to Compel Discovery and Court Order Denying the Motion**

On July 19, 2018, Mr. Anctil filed a motion to compel discovery. *Pl.'s Mot. to Compel Disc.* (ECF No. 111). On July 23, 2018, the Defendants responded to Mr. Anctil's motion to compel discovery, stating that they had in fact responded to Mr. Anctil's discovery request on a timely basis. *Resp. in Opp'n to Mot. to Compel* at 1 (ECF No. 113). On September 24, 2018, the Magistrate Judge issued an order, mooting Mr. Anctil's motion to compel discovery because the Defendants had responded to his discovery request. *Order* (ECF No. 118).

**O.**     **The Magistrate Judge's Order Denying Steve Anctil, Jr.'s**

       **Motion for Order and Motion for Oral Argument and  Hearing**

Also on August 3, 2018, the Magistrate Judge issued another order addressing Mr. Anctil's Motion for order and motion for oral argument and/or a hearing. *Order* (ECF No. 116). The Magistrate Judge wrote that "[a]fter a review of relevant pleadings and record, I can discern no issues that require an evidentiary hearing, nor a basis to order the production of any additional documents." *Id.*

**P.**     **Steve Anctil, Jr.'s Motion to Toll Time, the Magistrate**

       **Judge's Order Granting in Part and Denying in Part the Motion,**

       **and Steve Anctil, Jr.'s Objection to the Order Denying Motion**

       **for Oral Argument and Hearing**

On September 6, 2018, Mr. Anctil filed a motion to toll time to file objections. *Mot. to Toll Time to File Objs.* (ECF No. 117). Mr. Anctil again represented that he was "without any access to legal materials." *Id.* On October 2, 2018, the Magistrate Judge issued an order, granting his motion to toll in part and denying it in part.

*Order* (ECF No. 119). The Magistrate Judge extended the time for Mr. Anctil to file an objection to the order denying his motion for oral argument and/or a hearing to October 16, 2018. *Id.* On October 22, 2018, Mr. Anctil filed an objection to the Magistrate Judge's August 3, 2018 order denying his motion for order and denying his motion for oral argument and/or a hearing. *Objection to Order Denying Pl.'s Mot. for Oral Argument/Hr'g* (ECF No. 121).

## II.    PENDING MOTION

The only motion currently pending before the Court is Mr. Anctil's objection to the Magistrate Judge's Order on Mr. Anctil's motion for order and order on his motion for oral argument and/or a hearing.

## III.    DISCUSSION

The Court recited the dense and complicated docket to place Mr. Anctil's motion and his objection into proper context. A recurring theme nearly from the outset of the lawsuit is that the Department of Corrections has deliberately prevented Mr. Anctil from gaining access to legal materials so that he may pursue his complaint and respond to the Defendants' motions.

Yet, in a docket replete with Mr. Anctil's motions and responses on a wide variety of topics, it is abundantly clear that Mr. Anctil knows how to file pleadings with the Court. As this multitude of motions and responses did not spring out of Mr. Anctil's head, the Court infers that Mr. Anctil must have had access to some sources of legal information to craft his filings.

Mr. Anctil seems intent upon forcing the Court to referee his ongoing dispute with the Department of Corrections concerning his access to legal material. The Court is extremely reluctant to intervene on this issue between Mr. Anctil and the Department of Corrections. The Department of Corrections has the difficult task of maintaining order within the prison system and has promulgated rules that control inmate access to the law library. If Mr. Anctil believes the Department of Corrections is not heeding its own rules, inmates typically have the right to grieve a denial of access to legal material. But there is no probative evidence on this record that would allow the Court to make a judgment as to what precisely the rules are, whether the Department of Corrections has complied with them, and whether Mr. Anctil has availed himself of the grievance process.

More significantly, on June 5, 2018, the Defendants filed an opposition to Mr. Anctil's motion to stay. *Stay Opp'n* at 1-2. The Defendants acknowledged that the "legal computer in plaintiff's housing pod was damaged and not replaced for several weeks and the keyboard on the replacement computer is faulty and a replacement has been ordered." *Id.* at 1. But the Defendants point out that the prison librarian has promptly complied with Mr. Anctil's requests for legal materials and forms. *Id.* In fact, the Defendants attached twenty pages of Mr. Anctil's requests and the librarian's responses from January 21, 2018 through May 13, 2018. *Stay Opp'n Attachs.* at 1-20.

Moreover, the Defendants say that as of June 5, 2018, Mr. Anctil was being housed at Level 2 of the four-level privilege system at the prison. *Stay Opp'n* at 2.

Prisoners at Mr. Anctil's housing pod (Close C) at Levels 1 and 2 "are not allowed access to the prison's Activities Building, although they may use the pod legal computer and request library materials." *Id.* The Defendants write that "C Pod prisoners at Levels 3 and 4 may leave their housing pod and access the library, including its legal research computers and other resources." *Id.*

The Defendants represent that Mr. Anctil "has been eligible for an increase in levels since April, but has declined to apply for this change." *Id.* The Defendants quote the former manager of the unit's May 8, 2018 note:

> Spoke with inmate Anctil today regarding his level (currently Level 2) and that he was eligible for Level 3 on 4/11/18 and is eligible for Level 4 on 5/9/18 and I asked why he has not put in for a level increase through his CCTW Hodgdon and he replied "I don't want to change levels I have some medical stuff going on." I advised him his (sic) should put in his level increase request, as he is eligible for Level 4.

*Id.* As an aside, the Defendants wonder how the medical issue would affect Mr. Anctil's decision to forego an increase in his privileges. *Id.* The Defendants conclude that Mr. Anctil's "inability to access the law library is a result of his own choice not to seek an increase in his privilege level." *Id.*

Mr. Anctil has repeatedly insisted that he is being denied access to legal research material and that the Department of Corrections has placed him at a disadvantage in prosecuting this lawsuit. Although his language is strenuous, Mr. Anctil has never responded to the Defendants' basic point: that his lack of access to the law library is his choice, not the Department of Corrections, and if he were to request a higher classification, which he refuses to do, he would be able to remedy his own complaint.

Finally, Mr. Anctil filed his Complaint with this Court on February 24, 2016. His Complaint has been pending over two years. Moreover, the Defendants' motion for summary judgment has been pending since May 8, 2018 and the July 27, 2018 deadline for Mr. Anctil to respond to the motion for summary judgment has long since lapsed. It is past time for Mr. Anctil to respond to the pending dispositive motion. The Court warns Mr. Anctil that it will forthwith begin to review and decide the pending motion for summary judgment and if he wishes to object, he must do so promptly. He must also explain why he failed to file any timely response at all to the pending motion for summary judgment. If the Court does not receive a response from Mr. Anctil by the date it completes its order on the motion for summary judgment, the Court will issue the order based on the record before it.

## IV. CONCLUSION

The Court DENIES Steve Anctil, Jr.'s Objection to Order Denying Plaintiff's Motion for Oral Argument/Hearing (ECF No. 121).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2018